

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ERIN COLE, NICK KAUFMAN, VICTORIA MCWHORTER, | § § § |
| Claimants/Appellees, | § § |
| v. | § CIVIL ACTION NO. 6:05-1029-HFF § |
| LONG JOHN SILVER'S RESTAURANTS, INC. and LONG JOHN SILVER'S, INC. | § § § § |
| Respondents/Appellants. | § |

MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

This is an action to vacate a decision of an arbitrator which found that Claimants could arbitrate their claims against Respondents as a class. On September 15, 2005, the Court dismissed this action due to lack of subject matter jurisdiction. Currently pending before the Court is Respondents' motion to alter or amend the Court's order of dismissal. For the reasons stated below, the Court will deny the motion.

**II.    STANDARD OF REVIEW[1]**

Respondents' ask the Court to reconsider its order dismissing this case pursuant to Fed. R.

---

[1] The factual and procedural history of this case is adequately recounted in the Court's Order of September 15, 2005; thus the Court does not recite the facts here.

Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(6). Under Rule 59(e), a Court may alter or amend its judgment in the following circumstances: (1) to accommodate an intervening change in the law; (2) to account for new evidence not previously available; (3) to correct a clear error of law; or (4) to prevent manifest injustice. *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). Rule 60(b)(6) permits the Court to grant relief from judgment for "any other reason justifying relief from the operation of the judgment."

### III.   DISCUSSION

Respondents argue that the Court should alter or amend its decision to dismiss this case based on the following grounds: (1) newly discovered evidence, (2) an intervening change in the law, and (3) to avoid manifest injustice. The Court will consider each argument in turn.

   *A.   Newly discovered evidence*

Although Rule 59(e) permits a Court to alter or amend its judgment based on newly discovered evidence, the Court of Appeals has emphasized that this power is to be exercised within certain limitations. Under both Rule 59(e) or Rule 60, a motion to alter or amend based on newly discovered evidence requires that a party show:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such that is likely to produce a new outcome if the case were retired, or is such that would require the judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771-72 (4th Cir. 1989).

In the instant case, the Court found that Respondents failed to meet their burden under *St. Paul Mercury* of showing that it does not appear to a legal certainty that the claim for relief is for less

2

than the statutorily prescribed jurisdictional amount. (Mem. Op. & Ord. 11.) In making this finding, the Court noted that Respondents failed to offer anything more than conclusory statements with regard to the amount in controversy in this case. Although these statements were initially sufficient, when challenged by Claimants, Respondents were obliged to meet the legal sufficiency test of *St. Paul Mercury*. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1928); *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1996). While Respondents could have estimated and alleged–at the very least on information and belief–the amount sought by Claimants, they failed to do so. Thus, the Court had no basis for concluding that the jurisdictional amount had been satisfied.

Respondents now contend that the arbitrator's September 19, 2005 Class Determination Award constitutes newly discovered evidence which leads to the conclusion that Claimant Victoria McWhorter's (McWhorter) claims exceed $75,000. Thus, Respondents ask the Court to reconsider its previous decision to dismiss this case based upon this evidence.

The Court finds Respondents' argument unpersuasive because it is unconvinced that the revelation that McWhorter's claims exceed $75,000 is newly discovered evidence. Although the exact amount of these claims may not have been clear until the arbitrator's Class Determination Award was filed, Respondents undoubtedly possessed information which would have enabled them to estimate and allege, in good faith, the approximate amount sought by McWhorter.[2] Indeed, Respondents seem to recognize this, for they do not assert that the amount of McWhorter's claims was unknown or undiscoverable prior to the Class Determination Award. Rather, they state that the Class Determination Award only clarified the amount of McWhorter's claims. (Resps.' Mem. Supp.

---

[2] For many of these same reasons, the Court concludes that Respondents failed to exercise due diligence which would have allowed them to discover the amount claimed by McWhorter prior to the issuance of the Class Determination Award.

Recon. 3 ("The September 19 Award *made it concretely clear* that Ms. McWhorter's purported damages claim is more than $91,000–and thus exceeds the $75,000 amount required for diversity jurisdiction."), 5 ("Certain recent developments in the underlying arbitration *confirm* that the Court has diversity jurisdiction . . .) (emphasis added).) Therefore, the Class Determination Award cannot constitute newly discovered evidence justifying a reconsideration of the Court's decision to dismiss this case.

      B.     *Intervening change in the law*

Respondents maintain that the United States Supreme Court's decision in *Exxon Mobil Corp. v. Allapattah Svcs, Inc.*, 125 S.Ct 2611 (2005), constitutes an intervening development in the law which supports their motion to alter or amend. The Court rejects this argument for several reasons. First, *Allapattah* was decided prior to the Court's September 15, 2005 Order dismissing this case and, thus, does not qualify as an intervening development in the law. Second, the rule adopted by the Supreme Court in *Allapattah* was already in place within the Fourth Circuit, meaning that no change of the applicable law occurred here when *Allapattah* was handed down. Third, the relevance of *Allapattah* to the instant motion is questionable. The Court would reach the question of supplemental jurisdiction over Claimants whose claims do not meet the jurisdictional amount only if it first determined that at least one of the Claimants' claims satisfy the jurisdictional amount. Here, the Court has already determined that none of the Claimants satisfied the jurisdictional amount. Thus, the Court need not consider any issues of supplemental jurisdiction.

      C.     *Manifest injustice*

Finally, Respondents contend that the Court should grant their motion to alter or amend in order to avoid a manifest injustice. Specifically, Respondents assert that reconsideration is necessary

to avoid depriving them of their right to proceed in and obtain substantive review by an Article III court. The Court cannot accept Respondents' argument.

As an initial matter, it is unclear that Respondents have a right to proceed in and obtain substantive review by an Article III court, assuming that by "Article III court" Respondents refer specifically and exclusively to a federal district court. While Respondents appear to have the right to petition a court to review decisions made by the arbitrator, nothing guarantees them the right to proceed in federal rather than state court.

Second, because Respondents can obtain judicial review of the arbitrator's Clause Construction Award in state court, the Court need not reconsider its prior Order "to accomplish justice." (Resps.' Mem. 3-4.) Finally, Respondents have failed to demonstrate that the requisite "exceptional circumstances" for Rule 60(b) relief are present. *See Comptom v. Alton S.S. Co.*, 608 F.2d 96, 106-07 (4th Cir. 1979). Therefore, the Court finds that Rule 60(b)(6) does not support Respondents' motion to alter or amend.

**IV.    CONCLUSION**

Based on the foregoing, the Court finds that Respondents' Rule 59(e) motion to alter or amend and Rule 60(b)(6) motion for relief from judgment should be, and hereby are, DENIED.

**IT IS SO ORDERED.**

Signed this 21st day of November, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>UNITED STATES DISTRICT JUDGE